NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| A & L INDUSTRIES, INC. a New Jersey corporation, individually and as the representative of a class of similarly-situated persons, : : : : : Plaintiff, : : v. : : P. CIPOLLINI INC., : : Defendant. : : | Civil Action No. 12-7598 (SRC) **OPINION & ORDER** |

**CHESLER**, District Judge

      This matter comes before the Court on the motion of Plaintiff A&L Industries, Inc. ("Plaintiff") for certification of a plaintiff class pursuant to Federal Rule of Civil Procedure 23(b)(3).  (Docket Entry 4)  Defendant P. Cipollini Inc. ("Defendant") has opposed the motion.  (Docket Entry 10)  The Court has considered the parties' submissions and has opted to rule without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, this Court will deny Plaintiff's motion for class certification without prejudice.

      Plaintiff has filed the motion to certify a class before any discovery has been conducted.  Indeed Plaintiff "requests leave to submit a brief and other evidence in support of [the] motion after discovery about the class elements." (Pl.'s Br. 1)  The Court concludes that Plaintiff's motion is premature.  A movant for class certification has the burden of demonstrating that all appropriate elements of Federal Rule of Civil Procedure 23 have been satisfied.  General

Telephone Co. of the Southwest v. Falcon, 457 U.S. 147, 161 (1982); In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 307 (3d Cir. 2009).  This includes the submission of evidence to support the contention that elements such as "numerosity," Fed. R. Civ. P. 23(a)(1), "commonality," Fed. R. Civ. P. 23(a)(2), "typicality," Fed. R. Civ. P. 23(a)(3), "predominance," Fed. R. Civ. P. 23(b)(3) and "superiority," id., have been met.  Plaintiff's submission merely sets forth perfunctory conclusions that the class satisfies these requirements.  Indeed, Plaintiff indicates that the proposed class definition itself will probably change after discovery.  Under these circumstances, it is clear that Plaintiff has not met its burden under Rule 23, and the motion is denied without prejudice to being renewed following class discovery.

  For these reasons,

  **IT IS** on this 19th day of February, 2013,

  **ORDERED** that Plaintiff's motion for class certification (Docket Entry 4) be and hereby is **DENIED WITHOUT PREJUDICE**.

                 s/ Stanley R. Chesler
                 Stanley R. Chesler, U.S.D.J.