NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| A & L INDUSTRIES, INC. d/b/a ACE POWDER COATING, a New Jersey corporation, individually and as the representative of a class of similarly situated persons,<br><br>                                        Plaintiff,<br>      v.<br><br>P. CIPOLLINI, INC.,<br><br>                                        Defendant. | Civil Action No. 12-07598 (SRC)<br><br>OPINION |

**CHESLER**, District Judge

      Plaintiff A & L Industries, Inc. ("Plaintiff") alleges that Defendant P. Cipollini, Inc. ("Defendant") sent it and a class of other recipients junk faxes in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(C). Presently before the Court is Plaintiff's renewed motion for class certification, brought pursuant to Federal Rule of Civil Procedure 23. [Docket Entry 33.] The Court denied Plaintiff's initial motion for class certification as premature. [Docket Entry 16.] Defendant opposes the renewed motion. [Docket Entry 34.] Pursuant to Federal Rule of Civil Procedure 78, the Court will rule on the papers submitted, and without oral argument. For the reasons that follow, Plaintiff's motion will be granted.[1]

---

[1] Plaintiff brings additional claims under New Jersey's Junk Fax Statute, N.J. Stat. Ann. §§ 56:8-157 to -160, and New Jersey's Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1 to -195. (Compl. ¶¶ 42, 50-51.) Plaintiff also sues for common law conversion. (Compl. ¶ 59.) The Complaint seeks class treatment for all three supplemental claims. Defendant does not argue that the state

**I.      Background**

This lawsuit stems from fax advertisements sent on Defendant's behalf by a company called Business-to-Business Solutions ("B2B"). The relevant facts are not in dispute. In 2006, Defendant paid B2B to advertise Defendant's roofing business by fax. The two entities worked together on the form and substance of a one-page advertisement, and Defendant approved the final version. In September 2006, B2B successfully transmitted Defendant's fax advertisement to 4,573 fax numbers. The transmissions went out on two separate dates: September 2, 2006 (3,314 successful transmissions); and September 5, 2006 (1,260 successful transmissions).

B2B sent Defendant's advertisement to fax numbers that B2B selected from a database purchased from a third-party provider. Neither Defendant nor B2B obtained permission or consent from the fax's recipients; indeed, Defendant was altogether unaware of who B2B was sending the faxes to. Plaintiff received one of the fax advertisements sent in the September 2, 2006 group, and seeks to certify a class consisting of all individuals and entities that received the identical fax in September 2006.

**II.     Standard for Class Certification under Rule 23**

Rule 23 of the Federal Rules of Civil Procedure sets forth a two-pronged standard for class certification. To obtain certification, a plaintiff must demonstrate that the putative class meets the threshold requirements of Rule 23(a) as well as one of the three Rule 23(b) categories under which he wishes to proceed on behalf of a class. Fed. R. Civ. P. 23; Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2548-49 (2011). Rule 23(a) requires a showing of: (1) numerosity; (2)

---

law claims should be analyzed under any rubric besides Rule 23, and the Supreme Court's decision in Shady Grove Orthopedic Assocs. v. Allstate Insurance Co., 559 U.S. 393 (2010), would foreclose such an argument anyway. See Fitzgerald v. Gann Law Books, Inc., No. 11-cv-4287 (KM), 2013 WL 3892700, at *5-6 (holding that New Jersey Junk Fax claim brought concurrently with TCPA claim is governed by Rule 23 (citing Shady Grove). The Court's Rule 23 analysis thus applies with equal force to all of Plaintiff's causes of action.

commonality; (3) typicality; and (4) adequacy of representation.  See Fed. R. Civ. P. 23(a); Behrend v. Comcast Corp., 655 F.3d 182, 189 (3d Cir. 2011), rev'd in part on other grounds, 133 S. Ct. 1426 (2013).

In this case, Plaintiffs seek certification under Rule 23(b)(3), which applies when the putative class primarily seeks monetary relief.  Dukes, 131 S.Ct. at 2558.  Rule 23(b)(3) sets forth two requirements: (1) "that the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed.R.Civ.P. 23(b)(3).  "These requirements are known as predominance and superiority."  Behrend, 655 F.3d at 190.  Moreover, "[i]t has long been held that Rule 23 implicitly requires that prospective plaintiffs propose a class definition that is readily ascertainable based on objective criteria."  Agostino v. Quest Diagnostics, Inc., 256 F.R.D. 437, 438 (D.N.J. 2009).

In moving for class certification, the plaintiff has the burden of proving by a preponderance of the evidence that all requirements of Rule 23 are met.  General Telephone Co. of the Southwest v. Falcon, 457 U.S. 147, 161 (1982); In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 307 (3d Cir. 2009).  The Supreme Court emphasized in its class certification decision in Wal-Mart Stores, Inc. v. Dukes that Rule 23 does not set forth a mere pleading standard; the plaintiff must in fact prove that the rule's requirements have been satisfied.  Dukes, 131 S.Ct. at 2551.  In considering a motion for class certification, the court must conduct a rigorous analysis, which will frequently "entail some overlap with the merits of the plaintiff's underlying claims."  Id. (quoting Falcon, 457 U.S. at 160.)[2]

---

[2] Plaintiff and Defendant agree that Federal Rule of Civil Procedure 23 governs this motion. (Mov. Br. at 8; Opp. Br. at 6.)  As such, the Court need not decide the question of whether a TCPA class action brought in federal court must comply with New Jersey state law because the

**III.     Analysis**

    **A.     Rule 23(a)**

Defendant's sole argument in opposition to class certification is that a class action is not a superior manner in which to adjudicate a TCPA lawsuit. Notwithstanding Defendant's position, this Court must independently determine that each requirement of Rule 23 is met. See In re Hydrogen Peroxide, 552 F.3d 305 at 310.

        1.     Numerosity

The numerosity requirement is satisfied where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The Third Circuit has recently noted that "generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." Marcus v. BMW of N. Am., LLC, 687 F.3d 583, 595 (3d Cir. 2012). Marcus emphasizes that a court can rely on "common sense" and "forgo precise calculations and exact numbers" where a plaintiff comes forward with "sufficient circumstantial evidence specific to the products, problems, parties, and geographic areas actually covered by the class definition . . . ." Id. at 596. Plaintiff in this case comfortably satisfies this requirement. Plaintiff has submitted evidence that during the Class Period B2B sent the allegedly illegal fax to more than 4,500 unique fax numbers. Of course, sending a junk fax to 4,500 unique numbers does not 4,500 unique defendants create. But even if the Court were to conservatively assume that only one in ten of those unique fax numbers was at a distinct business or other recipient (*i.e.*, every recipient had ten separate fax machines to which the fax was sent),

---

TCPA, uniquely, creates its private right of action by empowering "[a] person or entity" to bring a TCPA claim "in an appropriate court of [a] State" "if otherwise permitted by the laws or rules of court of [that] State[.]" See 47 U.S.C. § 227(b)(3). The Court notes, however, that judges in this District have "uniformly" held that Rule 23, and not state law, governs the viability of TCPA class action lawsuits brought in federal court. See, e.g., Fitzgerald, 2013 WL 3892700, at *1 & n.3 (D.N.J. July 29, 2013) (collecting cases).

the proposed class would still result in more than 450 separate plaintiffs.  The numerosity requirement is therefore satisfied here.

    2.    Commonality

Commonality requires there be "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  Specifically, class members' claims should "depend upon a common contention" that is "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  Dukes, 131 S. Ct. at 2551.  The Court finds this requirement met here.  Each of the class members' claims hinge on the common contention that Defendant engaged B2B to send the exact same illegal facsimile to each potential class member, in violation of the TCPA.  It is, therefore, apparent that a determination as to the legality of that single fax will resolve in one stroke *the* issue "central to the validity of each one of the claims . . . ."  See id. (emphasis added).  Moreover, as Plaintiff points out a number of courts have found the commonality element easily satisfied on facts identical to the instant case.  See, e.g., Reliable Money Order, Inc. v. McKnight Sales Co., Inc., 281 F.R.D. 327, 333 (E.D. Wis. 2012) ("determining whether the defendant violated the TCPA in relation to one plaintiff will likely answer whether the defendant violated the TCPA" with regard to the other members of the class), aff'd, 704 F.3d 289 (7th Cir. 2013).  Defendant has not suggested, and the Court cannot independently discern, why these other courts erred.

    3.    Typicality

The class plaintiff is typical for purposes of Rule 23(a)(3) where his claims "[arise] from the same event or practice or course of conduct that gives rise to the claims of the class

members" and are "based on the same legal theory." Beck v. Maximus, Inc., 457 F.3d 291, 296 (3d Cir. 2006) (quoting Baby Neal v. Casey, 43 F.3d 48, 55 (3d Cir. 1994)). While "the commonality and typicality requirements . . . tend to merge," Baby Neal, 43 F.3d at 56, typicality focuses on "the relationship between the proposed class representative and the rest of the class." 1 WILLIAM B. RUBENSTEIN, NEWBERG ON CLASS ACTIONS § 3:26 (5th ed. 2011). Here, Plaintiff asserts that both it and potential class members received the identical illegal fax from Defendant in September 2006. In short, the claims of all class members, named plaintiff included, arise from the "same event or practice or course of conduct," and the Court finds that the typicality requirement of Rule 23(a)(3) is satisfied here.

        4.      Adequacy of Representation

The adequacy requirement of Rule 23(a)(4) has two components "designed to protect the interests of absentee class members." In re Cmty. Bank of N. Va., 418 F.3d 277, 303 (3d Cir. 2005). First, Rule 23(a)(4) tests "the experience and performance of class counsel." Dewey v. Volkswagen Aktiengesellschaft, 681 F.3d 170, 181 (3d Cir. 2012). Second, the Rule determines "whether the named plaintiffs' interests are sufficiently aligned with the absentees.'" Cmty. Bank of N. Va., 418 F.3d at 303. "A party challenging the class' representation has the burden to prove that the representation is not adequate." Wilson v. Cty. of Gloucester, 256 F.R.D. 479, 487 (D.N.J. 2009) (quoting Varacallo v. Mass. Mut. Life Ins. Co., 226 F.R.D. 207, 233 (D.N.J. 2005)). In this case, the adequacy of class representation is not challenged, and the Court, based on Plaintiff's submissions, finds that both components of Rule 23(a)(4) are met.

    **B.**    **Rule 23(b)(3)**

        1.      Predominance

While similar to Rule 23(a) commonality – insofar as it concerns "questions of law or fact common" to class members – Rule 23(b)(3)'s predominance inquiry is a "far more demanding standard" that tests "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." In re Ins. Brokerage Antitrust Litig., 579 F.3d 241, 266 (3d Cir. 2009) (quoting Amchem. Prods., Inc. v. Windsor, 521 U.S. 591, 623-24 (1997)). Predominance is satisfied where plaintiff "demonstrate[s] that the elements of [its] claim[s] . . . are capable of proof at trial through evidence common to the class, as opposed to individualized evidence." In re Hydrogen Peroxide, 552 F.3d at 311-12.

The Court finds that, on the present record, Plaintiff has met this standard. The evidence determinative of Defendant's liability concerns "transmission" of the allegedly illegal fax, and in substantial part "do[es] not relate to the individual recipients." See Reliable Money Order, 281 F.R.D. at 338 (certifying a TCPA class stemming from B2B faxes and noting that "individual issues . . . are minor and can certainly be handled within the framework of a class action"). Moreover, Plaintiff presents evidence that B2B sent the September 2006 fax to numbers gleaned from a list purchased from a third-party provider and that Defendant did not know to whom B2B was sending the fax. (Mov. Br. at 3-4.) This evidence tends to negate individualized issues that often arise in TCPA cases, such as whether any recipient consented to receive the fax, see 47 U.S.C. § 227(a)(5) (exempting faxes sent with "express invitation or permission"), or whether Defendant had a prior relationship with any recipient. Id. § 227(b)(1)(C)(I) (exempting unsolicited faxes by "a sender with an established business relationship with the recipient"). On this record, it is apparent that the predominance of common law and fact questions over

individualized ones renders Plaintiff's proposed class "sufficiently cohesive to warrant adjudication by representation." See In re Ins. Brokerage Antitrust Litig., 579 F.3d at 266.

    2.    <u>Superiority</u>

As stated above, the superiority question is the nub of the instant motion. The Rule 23(b)(3) superiority requirement asks the Court "to balance, in terms of fairness and efficiency, the merits of a class action against those of 'alternative available methods' of adjudication." In re Cmty. Bank of N. Va., 418 F.3d at 309 (quotation omitted).[3] Defendant argues, in effect, that the TCPA's relatively large statutory damages award ($500 or $1,500 per violation) and the availability of relief in small claims court render class treatment inferior. (Opp. Br. at 10-11.) In this regard, Defendant relies exclusively on Local Baking Products v. Kosher Bagel Munch, Inc., 23 A.3d 469 (N.J. App. Div. 2011), which holds that TCPA suits are categorically inappropriate for class certification. Id. at 476. The parties have not brought to the Court's attention, and the Court's independent research has not uncovered, a Third Circuit holding or District of New Jersey decision directly on point. The Court, however, finds Defendant's reliance on Local Baking to be misplaced and, in so finding, determines that Plaintiff has satisfied Rule 23(b)(3)'s superiority requirement.

Initially, the Court notes that Local Baking analyzes superiority in the context of New

---

[3] Rule 23(b)(3) itself suggests four factors that may be instructive to this evaluation:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

Jersey's class action rule and applies state court precedent analyzing that rule.  See 23 A.3d at 472, 476 (applying R. 4:32-1(b) and Iliadis v. Wal-Mart Stores, Inc., 922 A.2d 710 (N.J. 2007)). While New Jersey's class action rule is essentially similar to the federal analogue, this Court is required to follow federal precedent interpreting the federal rule.  Significantly, a number of federal courts have questioned Local Baking's analysis.  See, e.g., Sparkle Hill, Inc. v. Interstate Mat Corp., No. 11-cv-10271 (RWZ), 2012 WL 6589258, at *4 (D. Mass. Dec. 18, 2012); Reliable Money Order, 281 F.R.D. at 338-39; see also Critchfield Physical Therapy v. Taranto Group, Inc., 263 P.3d 767, 780 (Kan. 2011).  The Sparkle Hill decision, for instance, persuasively illustrates why immunizing TCPA claims from class treatment on superiority grounds is unwarranted:

> If each proposed class member pressed his claim, a single class action would clearly be superior to thousands of individual actions. . . . If the proposed class members would otherwise abandon their claim [because, for instance, a $500 recovery is not sufficiently large to justify bringing suit, even in small claims court], then a class action is superior because it provides actual adjudication.

2012 WL 6589258, at *4; see also Critchfield, 263 P.3d at 780 (noting the inferiority of either a small turnout that prevents vindication of plaintiffs' rights or a large turnout that would overwhelm courts).  Local Baking is also problematic in another important respect: the decision assumes that because the $500 statutory damages award "considerably" exceeds a TCPA plaintiff's "real or sustained damages," such plaintiff is sufficiently incentivized "to act in his or her own self interest without the necessity of class action relief."  23 A.3d at 476.  The difference between actual and statutory damages, however, is of no moment when the statutory recovery is, in absolute terms, still minimal.  See Hinman v. M and M Rental Ctr., Inc., 545 F. Supp. 2d 802, 807 (N.D. Ill. 2008) (emphasizing the "relatively small individual value" of a TCPA plaintiff's

9

claim and concluding that a TCPA class satisfied Rule 23(b)(3)).  In light of these persuasive arguments in support of class treatment, the Court is hesitant to follow Local Baking and conclude superiority is not satisfied here.

The Court finds further support in Third Circuit dictum that criticizes the very result Local Baking reaches.  See Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72, 94-95 (3d Cir. 2011), vacated in part on other grounds, 2012 WL 2052685 (3d Cir. Apr. 17, 2012) (en banc).  Landsman addressed the consolidated appeals of three district court decisions that had dismissed TCPA class action suits on jurisdictional grounds.  The Third Circuit vacated and remanded, holding that federal courts can maintain diversity jurisdiction over private TCPA claims.  Id. at 85.  Landsman also focused on the finding, reached by one of the three consolidated cases below, that a class action was not a "superior method" under Rule 23(b)(3) of adjudicating TCPA claims.  Id. at 94.  On this topic, the Third Circuit questioned a number of the district court's conclusions, including the suggestion – central to Local Baking – that the TCPA's statutory damages "are enough to both punish offenders and spur victims" to file suit.  See id.; see also 23 A.3d at 476 (noting TCPA statutory award should incentivize individual plaintiffs to sue).  Indeed, Landsman noted that there is little reason to believe individual small claims court actions are actually more efficient than suits brought elsewhere – "plaintiffs can still face protracted litigation when they sue individually."  Id. at 95.  In short, the Landsman decision suggests that the Third Circuit might well be skeptical about any categorical rule exempting private TCPA suits from class certification.

In a final analysis, and in light of the authority reviewed above, the facts and issues at the core of the instant TCPA claim are better off resolved in a single class action than in numerous

10

individual ones. Rule 23(b)(3) itself defines superiority in terms of efficiency. In the absence of class treatment, duplicate evidence of Defendant's alleged TCPA violation would have to be provided in hundreds if not thousands of individual lawsuits. Determining Defendant's liability in one proceeding results in substantial efficiency gains for the parties and the court system. Certifying a class here also furthers the policy behind Rule 23 by "aggregating" class members' "relatively paltry potential [individual] recoveries," thus "overcom[ing] the problem that small recoveries" do not incentivize TCPA plaintiffs to sue individually. See Amchem, 521 U.S. at 617 (quotation omitted). Finally, the Court – like the Third Circuit – is skeptical that the possibility of numerous individual suits deters TCPA violations as effectively as an aggregated class action. Landsman, 640 F.3d at 95. A class action is simply a better available method to fairly and efficiently resolve the claims of potential class members in this case, and the superiority requirement of Rule 23(b)(3) is therefore satisfied.[4]

## IV. Conclusion

For the foregoing reasons, the Court grants Plaintiff's Rule 23(b)(3) motion for class certification. [Docket Entry 33.] An appropriate Order accompanies this Opinion.

---

[4] For the sake of completeness, the Court rejects Defendant's half-hearted claim and issue preclusion arguments. Defendant suggests that a class certification motion filed by a different plaintiff against it in a prior state court TCPA class action estops the current Plaintiff from bringing the instant motion. (Opp. Br. at 11.) Of course, *res judicata* cannot apply here because the plaintiff in the state court action was different (and there is no privity). See Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). Issue preclusion is unavailable for the same reason. See Burlington N. R.R. v. Hyundai Merchant Marine Co., 63 F.3d 1227, 1232 & n.6 (3d Cir. 1995) (noting that non-mutual collateral estoppel can only be used defensively when the plaintiff is the same in both the current and previous suits (citing Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 328-29 (1971))).

                                                 s/ Stanley R. Chesler
                                                 STANLEY R. CHESLER
                                                 United States District Judge

Dated: October 2, 2013