NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| A & L INDUSTRIES, INC. d/b/a ACE POWDER COATING, a New Jersey corporation, individually and as the representative of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>P. CIPOLLINI, INC.,<br><br>Defendant. | Civil Action No. 12-07598 (SRC)<br><br>**OPINION & ORDER** |

**CHESLER**, District Judge

On October 2, 2013, the Court entered an Order granting a motion for class certification filed by Plaintiff A & L Industries, Inc. ("Plaintiff"). [Docket Entry 37.] The Court's Order certified as a class all persons who received a certain fax that allegedly violates the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(c). In opposition to Plaintiff's motion, Defendant P. Cipollini, Inc. ("Defendant") made a single argument – that this Court follow Local Baking Products v. Kosher Bagel Munch, Inc., 23 A.3d 469 (N.J. App. Div. 2011), and conclude that a Rule 23 class action is not a superior way to adjudicate a TCPA lawsuit. [See Docket Entry 34.] The Court rejected this argument and, after conducting a full Rule 23 analysis, certified the plaintiff class. [Docket Entry 36 (October 2, 2013 Opinion at 4-11).] Defendant has now moved for reconsideration of the Court's Order, pursuant to Local Civil Rule 7.1(i). [Docket Entry 39.] For the reasons that follow, Defendant's motion is denied.

The standard governing a motion for reconsideration under the Local Rules is well

established. A motion for reconsideration must show one of the following to succeed: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Banda v. Burlington County, 263 F. App'x 182, 183 (3d Cir. 2008) (citing Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). Reconsideration under Local Rule 7.1 is "an extraordinary remedy," see Chiniewicz v. Henderson, 202 F. Supp. 2d 332, 334 (D.N.J. 2002); accordingly, reconsideration should rarely be granted. Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

Initially, the Court will not credit the arguments that Defendant raises for the first time in this motion, arguments which (1) challenge the adequacy of both the named Plaintiff and lead counsel to represent the putative class, (2) and question whether that class is ascertainable. Local Rule 7.1(i) directs movants seeking reconsideration to set forth "the matter or controlling decisions which the party believes the Judge . . . has overlooked." As this language implies, "a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue." Wisowaty v. Port Authority Trans-Hudson Corp., No. 11-2722 (JLL), 2013 WL 103385, at *2 (D.N.J. Jan. 8, 2013) (citing SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J. 1989), aff'd, 891 F.2d 283 (3d Cir.)) In other words, a motion for reconsideration is not a vehicle for a party to raise arguments that were effectively waived by being omitted from that party's original briefs. Defendant, for reasons of strategy or otherwise, elected to oppose class certification by relying exclusively on the Appellate Division's Local Baking Products opinion. This Court, following numerous other federal courts, chose not to adopt the Appellate Division's class

2

certification analysis. Having taken that route, Defendant cannot use Local Civil Rule 7.1(i) to raise new arguments in order to get a second bite at the apple. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994) ("The purpose of the [reconsideration] rule . . . is to encourage parties to present their positions as completely as possible, and to prevent parties from filing a second motion, with the hindsight provided by the court's analysis, covering issues that should have been raised in the first set of motions.")

The remainder of Defendant's arguments amount to nothing more than disagreement with the analysis applied by the Court in its October 2, 2013 Opinion, and as such do not present a basis upon which to grant reconsideration. See, e.g., United States v. Compaction Systems Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). The Court, however, will belabor the point only to note that insofar as Defendant rehashes a *res judicata* argument that the Court previously rejected, Defendant remains wrong on the law. Defendant's argument, which focuses on the procedural posture of a now-dismissed state court TCPA class action, ignores the fact the plaintiff in the state court case and the Plaintiff in this case are different entities. See Smith v. Bayer Corp., 131 S. Ct. 2368, 2379 (2011) (noting the "basic premise of preclusion law" that "[a] court's judgment binds only the parties to a suit, subject to a handful of discrete and limited exceptions."); In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008). Even if the Court were to understand Defendant to argue the Plaintiff in this case is bound as an unnamed member of the state court class action, non-party preclusion principles do not apply here. As the Supreme Court has recently held, "[n]either a proposed class action nor a rejected class action may bind nonparties." Bayer Corp., 131 S. Ct. at 2380. By Defendant's own admission, the state court plaintiff withdrew its motion for class certification, and a class was therefore never certified in

3

that case. (Mov. Br. at 14.) In any event, Defendant's decision to again invoke *res judicata* is puzzling, as Defendant failed to preserve the affirmative defense by electing not to plead it in the Answer. See Fed. R. Civ. P. 8(c); E.E.O.C. v. U.S. Steel Corp., 921 F.2d 489, 491 n.2 (3d Cir. 1990). Litigants who choose to improperly utilize a reconsideration motion as a vehicle to revisit previously rejected arguments should take care to ensure that they had the ability to make those arguments in the first place.

Accordingly,

**IT IS** on this 21st day of November, 2013,

**ORDERED** that the motion for reconsideration filed by Defendant P. Cipollini, Inc., pursuant to Local Civil Rule 7.1(i), be and hereby is **DENIED**.


    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge