NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| A & L INDUSTRIES, INC. d/b/a ACE POWDER COATING, a New Jersey corporation, individually and as the representative of a class of similarly situated persons,<br><br>                     Plaintiff,<br>v.<br><br>P. CIPOLLINI, INC.,<br><br>                     Defendant. | Civil Action No. 12-07598 (SRC)<br><br>OPINION & ORDER |

**CHESLER**, District Judge

      Plaintiff A & L Industries, Inc. ("Plaintiff") alleges that Defendant P. Cipollini, Inc. ("Defendant") sent it and a class of other recipients junk faxes in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(C).[1] This Court, by Opinion and Order dated October 2, 2013, certified the plaintiff class pursuant to Federal Rule of Civil Procedure 23(b)(3). [See Docket Entries 36 & 37.] Plaintiff has now moved for an Order approving a proposed class notice and the manner in which that notice shall be disseminated to class members. [Docket Entry 42.]

      Specifically, Plaintiff proposes sending the class notice via fax to each of the 4,754 unique fax numbers that Plaintiff's expert witness has identified as having received the alleged junk fax that is the subject of this lawsuit. (Mov. Br. at 4.) If after three attempts Plaintiff

---

[1] Plaintiff brings additional claims under New Jersey's Junk Fax Statute, N.J. Stat. Ann. §§ 56:8-157 to -160, and New Jersey's Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1 to -195. (Compl. ¶¶ 42, 50-51.) Plaintiff also sues for common law conversion. (Compl. ¶ 59.)

cannot successfully reach any individual fax number, Plaintiff will then send out the notice by U.S. mail to the name and address associated with that unique number.  Defendant opposes the motion, not to the form of the notice but to the manner in which Plaintiff proposes to disseminate it.  [Docket Entry 44.]  Defendant advances three arguments in opposition: (1) notice by fax is not "the best notice practicable under the circumstances" under Rule 23(c)(2)(B); (2) Federal Rule of Civil Procedure 5(b)(2)(E) precludes service by "electronic means" without the prior consent of the recipient; and (3) notice by fax violates the TCPA in and of itself.  (Opp. Br. at 3-4.)

The Court rejects these arguments and will adopt Plaintiff's proposed notice by fax system (with its notice by mail fail-safe) because such an approach is the most practicable manner by which to notify class members in this case.  See Fed. R. Civ. P. 23(c)(2)(b).  The Court notes that Chief Judge Simandle recently approved a similar scheme in a TCPA class action lawsuit, and finds the Chief Judge's reasoning in that case highly persuasive.  See City Select Auto Sales, Inc. v. David Randall Assocs., Inc., No. 11-2658 (JBS), 2014 WL 413533 (D.N.J. Feb. 3, 2014).  Chief Judge Simandle focused on several factors underpinning the use of fax notice:

> The class members received unsolicited faxes in the spring of 2006.  Since that time, some members may have moved and retained their fax numbers.  Moreover, the original list of class members was a list of fax numbers, not a list of names and addresses.  The fax method will generate a log of successful transmissions.  Finally, fax transmission is cheaper than U.S. mail, thus ensuring lower administrative costs.

Id. at *1.  Identical considerations govern here.  All that this Court currently knows about the 4,753 other class members in this case is their fax number.  Defendant fails to suggest a

2

compelling reason why this information should not be utilized as the first step in notifying the class.

The Court also adopts the reasoning advanced in City Select to reject the exact same arguments regarding Rule 5(b) and the TCPA that are proffered by Defendant here. See 2014 WL 413533, at *3. As to Rule 5(b), the Court finds that where that Rule and Rule 23(c)(2)(B) conflict regarding service of notice, Rule 23(c) should supersede because Rule 23(c) addresses class notice specifically, whereas Rule 5 addresses service generally and in certain instances must take a back seat to other rules of procedure. See Fed. R. Civ. P. 5(a) ("[u]nless these rules provide otherwise"). Additionally, it is not at all clear that Rule 5(b)(2)(E) actually contemplates facsimile transmission when addressing service by "electronic means." It is just as – if not more – likely that "electronic means" refers specifically to service by e-mail in accordance with the Court's CM/ECF system; the Local Civil Rules for the District of New Jersey, for instance, interpret "electronic means" to mean e-mail. See Electronic Case Filing Policies and Procedures 14(b) (May 1, 2012) ("Transmission of the [e-mail Notice of Electronic Filing] constitutes service of the filed documents . . . ."); see also Barlow v. United States, No. 10-2770 (FLW), 2012 WL 274011, at *4 (D.N.J. Jan. 31, 2012) (discussing Fed. R. Civ. P. 5(b) and L.Civ.R. 5.2, and differentiating between facsimile transmission and service by "electronic means").

As to Defendant's argument that a class notice sent by fax violates the TCPA because the TCPA is intended to eliminate junk faxes (see Opp. Br. at 3), the contention is belied by the language of the TCPA itself, which prohibits the use of fax machines to send "unsolicited advertisement[s]." 47 U.S.C. § 227(b)(1)(C). Defendant does not assert that a legal notice qualifies as an advertisement, and effectively admits the opposite, citing to a Northern District of

3

Illinois case that states "legal documents are not advertisements and thus not strictly within the scope of the TCPA . . . ." (Opp. Br. at 4 (quoting G.M. Sign, Inc. v. Franklin Bank, S.S.B., No. 06-C-949, 2008 WL 3889950, at *6 (N.D. Ill. Aug. 20, 2008)).)  The Court is otherwise unaware of any authority standing for the proposition that the most practicable manner of Rule 23(c)(2)(B) class notice – here, notice by fax – must take a back seat to the type of harm suffered by the plaintiff class.  Certainly, the defendant in a class action predicated on mail fraud (in, say, the civil RICO context) could not argue that notice to the class disseminated by U.S. mail was inappropriate.

Finally, the Court notes that Defendant has also advanced a somewhat inchoate argument that class notice should be sent by mail and not fax because of allegedly unethical conduct engaged in by the Anderson and Wanca law firm, *pro hac vice* Class Counsel in this case.  Initially, it is unclear why, even taking Defendant's assertion at face value, the risk of unethical conduct would require notice to be sent by mail as opposed to fax – a notice by mail scheme would not prevent Class Counsel from behaving unethically, if Class Counsel were indeed so inclined.  The question is academic regardless.  There is no evidence before the Court that these proceedings have been tainted by improper behavior, and Defendant did not object to the motion for Anderson and Wanca to appear *pro hac vice* in this case.  See City Select Auto Sales, Inc. v. David Randall Assocs., Inc., No. 11-2658 (JBS), 2013 WL 6726742, at *20 (D.N.J. Dec. 20, 2013) (noting that a solicitation letter sent by Anderson and Wanca "could merit further review before permitting pro hac vice admission . . . , but it does not warrant denial of class certification").  In short, Defendant's arguments regarding the conduct of *pro hac vice* Class Counsel are irrelevant to the present motion.

Accordingly,

**IT IS** this 7th day of March, 2014,

**ORDERED** that the motion for an Order approving the form and manner of the class notice, filed by Plaintiff A & L Industries, Inc. pursuant to Federal Rule of Civil Procedure 23(c)(2) [Docket Entry 43], be and hereby is **GRANTED**; and it is further

**ORDERED** that the form of Plaintiff's proposed class notice be and hereby is **APPROVED**, except that the proposed class notice shall incorporate the opt-out date set forth herein; and it is further

**ORDERED** that Plaintiff shall disseminate the class notice, within twenty-one (21) days of this Order, to each unique fax number identified by Plaintiff's expert witness; and it is further

**ORDERED** that the class notice shall be initially disseminated by fax, and if after three attempts Plaintiff cannot successfully reach any individual fax number, Plaintiff will then send out the notice by U.S. mail to the name and address associated with that unique number within seven (7) days of the final unsuccessful fax attempt; and it is further

**ORDERED** that class members shall have until Friday, May 16th, 2014 to opt out or object; and it is further

**ORDERED** that Class Counsel shall, on or before Friday, May 30th, 2014, furnish to Defendant's counsel and the Court a complete list of all opt-out notices, together with a comprehensive certification describing how the notice procedures contained in this Order were followed.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge