NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| A & L INDUSTRIES, INC. d/b/a ACE POWDER COATING, a New Jersey corporation, individually and as the representative of a class of similarly situated persons,<br><br>　　　　　　　　　　　Plaintiff,<br>　　　v.<br>P. CIPOLLINI, INC.,<br>　　　　　　　　　　　Defendant. | Civil Action No. 12-07598 (SRC)<br><br>OPINION |

**CHESLER**, District Judge

　　Plaintiff A & L Industries, Inc. ("Plaintiff") alleges that Defendant P. Cipollini, Inc. ("Defendant") sent it and a class of other recipients of junk faxes, in violation of state and federal law.  This Court, by Order dated October 2, 2013 [Docket Entry 37], certified both the plaintiff class and the following four claims for class treatment: (1) violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(3); (2) violation of the New Jersey Junk Fax statute, N.J. Stat. Ann. §§ 56:8-157 to -160; (3) violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1 to -195; and (4) common law conversion.  Defendant has now filed a motion to dismiss [Docket Entry 55], which contends that Plaintiff's TCPA claim is time-barred under 28 U.S.C. § 1658(a), the federal four year catch-all statute of limitations.[1]  Both

---

[1] Whether state or federal law supplies the appropriate statute of limitations for TCPA claims brought in federal court appears to be an open question in the Third Circuit.  See Leyse v. Bank of Am., Nat'l Assoc., 538 F. App'x 156, 162 n.6 (3d Cir. 2013).  Both parties, however, agree

parties acknowledge that absent tolling the TCPA claim is time-barred. Because the Court finds that the operative statute of limitations was not tolled long enough to save the otherwise untimely TCPA claim, that claim fails as a matter of law. Having disposed of the sole basis for federal subject matter jurisdiction in this case, the Court will decline pendent jurisdiction over Plaintiff's state law claims.

**I.**

The operative facts are straightforward, undisputed, and set forth in some greater detail in the Court's Opinion addressing the motion for class certification. (See Oct. 2, 2013 Op., at 2.) Briefly, this case concerns fax advertisements sent on Defendant's behalf to 4,573 unique fax numbers. The faxes were sent without the recipient's consent, and because Defendant had engaged a third party to distribute the fax ads, Defendant in fact had no idea who the recipients of the faxes were. The faxes were sent in two separate batches. The first set of faxes – 3,314 transmissions in total – went out on September 2, 2006. The second set – 1,260 transmissions – went out on September 5, 2006.

Plaintiff received one of the September 2, 2006 faxes, and eventually brought suit in this Court. In the interim, however, another recipient of Defendant's September 2, 2006 fax advertisement had commenced a putative class action in the Superior Court of New Jersey, Law Division. That Complaint, filed on June 5, 2009, was brought on behalf of "all other persons similarly situated" and sought recovery pursuant to the TCPA and New Jersey state law. (See Deer Cert., Ex. A.) The plaintiff in that case initially moved for class certification before the Law Division; that motion was withdrawn on July 21, 2011, in light of the Appellate Division's

---

that the federal four-year catch all, and not a limitations period supplied by New Jersey law, is the proper time bar. The Court will therefore do the same.

decision in Local Baking Products v. Kosher Bagel Munch, Inc., 23 A.3d 469 (N.J. App. Div. 2011), which held that TCPA actions are inappropriate for class treatment in New Jersey courts because "a class action suit is not a superior means of adjudicating a TCPA suit." Id. at 476. The motion for class certification was never renewed, and the case languished before being dismissed on September 12, 2011 after neither plaintiff nor its counsel appeared for the scheduled trial date. (See Mov. Br. at 2.)

The instant lawsuit, which asserts a TCPA claim as well as three state law claims, was commenced more than a year later, on December 12, 2012. [Docket Entry 1.][2] The Complaint alleges that it is "the second putative action brought against . . . Defendant P. Cipollini Inc.," and states that the June 5, 2009 state court class action "tolled the statute of limitations for this Plaintiff and the entire class." (Compl. ¶ 6.) Defendant filed its Answer [Docket Entry 9], and after discovery Plaintiff moved to certify the class. The Court granted that motion, declining Defendant's invitation to follow the Appellate Division's Local Baking Products decision and instead determining – in accordance with the great weight of federal authority – that one junk-fax class action was superior to thousands of *de minimis* suits. (See Oct. 2, 2013 Op., at 10-11.). On March 7, 2014, the Court approved Plaintiff's proposed class notice procedure. [Docket Entry 46.]

The instant motion followed.

---

[2] Subject matter jurisdiction is therefore exercised pursuant to 28 U.S.C. § 1331, with the state law claims properly before the Court pursuant to 28 U.S.C. § 1367(a). The Complaint does not assert diversity jurisdiction under either § 1332(a) or the Class Action Fairness Act, codified at § 1332(d).

3

## II.

Before turning to the merits of Defendant's motion, the Court must discern its proper procedural status, which will in turn govern the applicable legal standard.  Defendant does not cite a Federal Rule of Civil Procedure in support of its motion, and does not clearly identify the nature of the motion; instead, Defendant styles it as a motion to dismiss for failure to comply with the operative statute of limitations (see Mov. Br. at 1), a characterization which would indicate that Defendant seeks relief under Federal Rule of 12(b)(6) because the affirmative defense of untimeliness is apparent on the face of the Complaint.  See Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002).  Plaintiff does not suggest otherwise.  (Opp. Br. at 2-3.)  The problem with that approach, however, is that the motion comes more than a year and a half after Defendant filed its Answer, and Defendant presents and relies upon material outside the face of the Complaint.  (See Deer Cert., Exs. A-E (attaching, *inter alia*, the state court class action complaint and a July 21, 2011 e-mail indicating that the plaintiff is withdrawing the class certification motion in that case).)  In such a circumstance, Rule 12(d) dictates that the Court must treat the motion as one for summary judgment pursuant to Rule 56, a process which has become known as a "conversion."  See Rose v. Bartle, 871 F.2d 331, 340 (3d Cir. 1989).

But Rule 12(d) also dictates that where a district court converts a Rule 12(b) motion into a summary judgment motion, the court should give the parties notice of the conversion to provide for the opportunity "to present all the material that is pertinent to the motion." Nevertheless, the Court sees no reason here to delay proceedings by issuing an Order converting the instant motion to one under Rule 56 and entertaining further submissions from the parties.  It is readily apparent that Plaintiff was aware the motion could be treated as one for summary judgment and litigated it as such – indeed, Plaintiff's entire argument in opposition relies on the

4

state court record submitted by Defendant in support of its motion.  (See Opp. Br. at 2 (citing to the certification of Defendant's counsel, which, in turn, attaches parts of the state court record).)  Plaintiff cannot therefore say that it would be the victim of "summary judgment by ambush" without notice of the conversion.  See Bostic v. AT & T of the Virgin Islands, 166 F. Supp. 2d 350, 355 (D.N.J. 2001) (citing Pension Benefits Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).  Furthermore, the resolution of this motion turns on simple facts that are undisputed – the parties raise legal arguments about the date on which the state court class action no longer tolled the instant statute of limitations, but otherwise do not quibble that certain events happened when they did.  Plaintiff thus will suffer no prejudice by an election not to provide formal notice and proceed with the instant motion as one for summary judgment, which may be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

### III.

Having clarified the procedural posture, the Court can now address the motion's merits.  As is readily apparent, whether or not any part of the class TCPA claims in this case can survive requires an application of the tolling doctrine announced in American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974).  American Pipe tolling, in turn, has become the familiar shorthand for the "toll[ing of] the statute of limitations for putative members of a class pending denial of class certification."  McKowan Lowe & Co., Ltd. v. Jasmine, Ltd., 295 F.3d 380, 384 (3d Cir. 2002).  In its current form, American Pipe tolling reaches members of the earlier class who file subsequent individual actions, Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 350 (1983), and those who later file class action lawsuits.  Yang v. Odom, 392 F.3d 97, 111-12 (3d Cir. 2004).

5

The parties agree, correctly, that under American Pipe "the filing of a class action complaint tolls the statute of limitations for all members of the putative class . . . ." McKowan, 295 F.3d at 382.  Thus, there is no dispute that the June 5, 2009 filing of the state class action tolled the statute as of that date.  Where the parties do join issue is over how long the statute was tolled.  Defendant contends that tolling ceased on July 21, 2011, when the state court plaintiff withdrew its motion for class certification in light of the Appellate Division's Local Baking Products decision.  (Mov. Br. at 11.)  Plaintiff, on the other hand, suggests that tolling continued until September 12, 2011, when the state court claim was dismissed on the eve of trial.  (Opp. Br. at 2.)  Defendant's tolling period is therefore two years and forty-six days (June 5, 2009 to July 21, 2011); Plaintiff's is two years and ninety-nine days (June 5, 2009 to September 12, 2011).

But as Plaintiff concedes (see Opp. Br. at 2), this fifty-three day difference is only material to the TCPA claims premised upon the September 5, 2006 faxes; the claims based on the September 2, 2006 transmissions are time-barred regardless of how long the state action tolled the statute.  This lawsuit was commenced on December 12, 2012, six years and 101 days after the September 2, 2006 fax claims accrued.  Thus, even if the Court adopts Plaintiff's position, and finds that tolling ended on September 12, 2011, the two year ninety-nine day tolling period could not save those claims, which would still be untimely by two days – two years ninety-nine days subtracted from six years 101 days yields four years and two days, and both parties agree that 28 U.S.C. § 1658(a) supplies the operative (four year) time bar.  Consequently, any TCPA claim based on the September 2, 2006 faxes is untimely, which means Plaintiff's claim – as a member of the September 2 group – fails as of law.

Where the "what date did tolling cease" question does make a difference (a dispositive one, as it turns out) is as to the timeliness of what's left of this suit's TCPA claim – that is to say,

the claims held by the recipients of the 1,260 faxes sent on September 5, 2006. Those faxes were received six years and ninety-eight days before this lawsuit was filed, making any claim premised upon the September 5, 2006 fax blast untimely by two years and ninety-eight days. If Defendant is correct, and the statute of limitations was only tolled until July 21, 2011, the resulting two year forty-six day period would come up fifty-two days short. If however Plaintiff is correct, and tolling continued through to September 12, 2011, the resulting two year ninety-nine day period would save the claims by twenty-four hours.

But Plaintiff's position is untenable, and it is readily apparent that the statute of limitations was only tolled until July 21, 2011, the date the state court class action plaintiff withdrew its motion for certification. American Pipe tolling is intended to encourage "unnamed plaintiffs to rely on the class action already filed on their behalf." McKowan, 295 F.3d at 384. Because of the "truly representative nature" of a Rule 23 lawsuit, the commencement of a class action satisfies "the purpose of the limitation provision as to all those who might subsequently participate in the suit as well as for the named plaintiffs." American Pipe, 414 U.S. at 550-51. Tolling the statute of limitations in such a circumstance prevents the "multiplicity of activity" the class action device "was designed to avoid," see id. at 551, and if the rule were otherwise, "claimants would have an incentive to file claims themselves to protect their causes of action . . . ." McKowan, 295 F.3d at 384.

Those concerns hold until the initial lawsuit stops being a class action. As the Seventh Circuit aptly explains,

> it does not matter, under federal law, whether the first suit's status
> as a would-be class action ends by choice of the plaintiff (who may
> abandon the quest to represent a class or . . . bow out altogether) or
> by choice of the judge. . . . Tolling lasts from the day a class
> claim is asserted until the day the suit is conclusively not a class

7

> action – which may be because the judge rules adversely to the plaintiff, or because the plaintiff reads the handwriting on the wall and decides not to throw good money after bad.

Sawyer v. Atlas Heating and Sheet Metal Works, Inc., 642 F.3d 560, 563 (7th Cir. 2011). The Third Circuit, albeit in a non-precedential opinion, has recently adopted this view. See Leyse, 538 F. App'x at 161 ("[The concern underpinning American Pipe is] present from the commencement of the class action and remains until the propriety of maintaining the suit as a class action is determined."). As has Chief Judge Simandle. City Select Auto Sales, Inc. v. David Randall Assocs., Inc., 11-cv-2658 (JBS/KMW), 2012 WL 426267, at *4 (D.N.J. Feb. 7, 2012) ("the statute is tolled 'until the day the suit is conclusively not a class action.'" (quoting Sawyer, 642 F.3d at 562)). In short, if American Pipe's primary concern is to "enable[e] members of a putative class to rely on a pending action to protect their interests," Sawyer, 642 F.3d at 562, or encourage "unnamed plaintiffs to rely on the class action already filed on their behalf," McKowan, 295 F.3d at 384, the justification for tolling ends once the earlier putative class does.

In other words, had the state court plaintiff not withdrawn its class certification motion, and the trial judge in that case denied that motion because of the Local Baking Products decision, the date upon which certification was denied would undoubtedly be the date tolling ends. See Yang, 392 F.3d at 102; Leyse, 538 F. App'x at 161 n.5 ("We do not suggest . . . that tolling under American Pipe may extend beyond the initial denial of class certification by the district court." (quoting Yang, 392 F.3d at 102)). This Court sees no reason why a different result should obtain where a plaintiff "reads the handwriting on the wall," Sawyer, 642 F.3d at 563, and abandons class certification in a jurisdiction that has just become hostile to class treatment of that plaintiff's very claim. This Court can see no justifiable reason to extend tolling through to

8

September 12, 2011, a date that only appears significant because it is the date upon which the state plaintiff's individual $500 junk fax lawsuit finally withered and died on the vine.

In sum, the state lawsuit that would save the TCPA claim in this case stopped being a class action on July 21, 2011, when the plaintiff there chose to pursue its claim as an individual, and not a class, action. At that point, the statute of limitations, which had been tolled since the commencement of that suit on June 5, 2009, began to run again. This two year forty-six day tolling period is not enough to render timely a TCPA claim arising out of Defendant's September 5, 2006 fax transmission, which accrued six years and ninety-eight days before the Complaint was filed in this case. Judgment in Defendant's favor will be therefore be entered on the TCPA claim.

## IV.

This result disposes of the only federal cause of action in this case, thus eliminating the basis upon which this Court may exercise federal subject matter jurisdiction. 28 U.S.C. § 1367(c), the statutory provision which grants federal courts supplemental (pendent) jurisdiction over state law claims, authorizes courts to decline the exercise of such jurisdiction once it dismisses "all claims over which it had original jurisdiction . . . ." The Supreme Court instructs that "pendent jurisdiction 'is a doctrine of discretion, not of plaintiff's right,' and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172 (1997) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)). Here, the Court can ascertain no circumstances that would justify the exercise of jurisdiction over what is now a purely state law dispute. Gibbs, 383 U.S. at 726-27 ("[I]f all the federal claims are dismissed before trial, even though not insubstantial in the jurisdictional sense, the state claims should be dismissed as

9

well."). The three remaining state law claims – for violations of New Jersey's Junk Fax statute and Consumer Fraud Act, and for common law conversion – have for the pendency of this litigation been treated by the parties as mere afterthoughts to the central TCPA claim; indeed, those claims escaped any mention whatsoever during briefing of this motion. The Court will therefore decline supplemental jurisdiction over Plaintiff's state law claims, and they will be dismissed without prejudice. 28 U.S.C. § 1367(c)(3); Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009) ("[i]f a district court decides not to exercise supplemental jurisdiction and therefore dismisses state-law claims, it should do so without prejudice").

## V.

For the foregoing reasons, the Court will grant Defendant's motion and enter summary judgment on Plaintiff's time-barred TCPA claim. With no independent basis for subject matter jurisdiction present, the Court will decline supplemental jurisdiction over the remaining state law claims, and dismiss those claims without prejudice. An appropriate form of Order will be filed herewith.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: July 22nd, 2014